■ METROPOLITAN LIFE INSURANCE CO. et al., Respondents, v. LANE KLINOW & CO., INC., Appellant.— Order, entered July 21, 1964, granting respondents' motion to vacate appellant's notice to examine Daniel Doyle and to produce the report of George Condiles, and denying appellant's cross motion for such examination and production, unanimously reversed, on the law and on the facts and in the exercise of discretion, respondents' motion denied, and appellant's cross motion granted, without costs or disbursements. Appellant was

engaged to repair the cooling towers on the roof of respondents' building and is charged with having negligently caused a fire while performing the repair work. Condiles is employed as superintendent of the building and Doyle as a handyman. As Doyle appears to have been working on the roof during the day of the fire, appellant desires to take his deposition and, in addition, wishes to inspect and copy a report concerning the fire which Condiles made to respondents' managing agent. The objection that Doyle exercises no managerial or supervisory function, and had no connection with the making of the repairs, is nullified by the broad language of CPLR 3101 (subd. [a], par. [1]) (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.27). In the absence of any showing that Condiles' report was material prepared for litigation (CPLR 3101, subd. [d]; see *Kandel* v. *Tocher*, 22 A D 2d 513), its production is in order (CPLR 3120; *Bloom* v. *New York City Tr. Auth.*, 20 A D 2d 687; *Rios* v. *Donovan*, 21 A D 2d 409; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.18). Settle order on notice fixing date for examination to proceed. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.